

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2004

# Carr v. Erie

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3607

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Carr v. Erie" (2004). *2004 Decisions.* Paper 302.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/302

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3607

DESHAWN CARR,

Appellant

v.

CITY OF ERIE; PAUL DIDIONISIO, Individually and in his
capacity of chief of the Erie Police Department; JOHN
POPOVIC, Individually and in his capacity as a Police
Officer for the City of Erie

On appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 01-CV-00055E
District Judge: The Honorable Sean J. McLaughlin

Submitted Pursuant to LAR 34.1
September 30, 2004

Before: RENDELL, FUENTES and SMITH, *Circuit Judges*

(Filed:     September 30, 2004)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

DeShawn Carr appeals from the District Court's order granting summary judgment

on his § 1983 claims against the City of Erie, Chief of Police Paul Didionisio, and Officer

John Popovic. The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Appellate jurisdiction exists under 28 U.S.C. § 1291. We exercise plenary review over an order granting summary judgment and "apply the same test employed by a district court under Federal Rule of Civil Procedure 56(c)." *Curley v. Klem*, 298 F.3d 271, 276 (3d Cir. 2002). For the reasons set forth below, we affirm.

Carr was a passenger in the rear seat of a vehicle that was stopped by Officer Popovic for several traffic violations. After the stop was effected, Officer Popovic observed a white powdery substance in a plastic bag tucked in the seat pocket in front of Carr. The occupants of the vehicle were ordered to exit and a subsequent pat down search revealed the presence of drugs on Carr's person. Although Carr was arrested for several drug offenses, the charges were dropped when laboratory analysis failed to detect a controlled substance in the plastic bag.

Carr filed suit alleging that his arrest was unlawful. He challenged, *inter alia*, whether there was a legitimate basis for the initial stop. In a thorough memorandum opinion, the District Judge concluded that Carr's arrest was not invalid. With regard to the initial stop, the District Court noted that the officer had based his stop on three traffic violations. Although Carr disputed the officer's assertion that the vehicle had failed to come to a complete stop, Carr had not denied that there was a turn signal violation and "he was not in a position to deny the t[emporary]-tag violation." Accordingly, the Court ruled that the initial stop was lawful.

2

Carr asserts that the District Court erred because he did dispute the T-tag violation, contending that Pennsylvania did not have a statute or rule for the alleged T-tag violation. Carr's argument is without merit. Title 67 of the Pennsylvania Administrative Code contains the regulation at issue. 67 Pa. Code § 47.4(c). Moreover, it is clear that a failure to use a turn signal is a violation of Pennsylvania law. 75 Pa.C.S.A. § 3334. Accordingly, Officer Popovic had a lawful basis for making the stop. *Whren v. United States*, 516 U.S. 806 (1996).

We will affirm the District Court's order granting summary judgment.

_____